1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL NERY LOPEZ-VIRULA,<br><br>                              Petitioner,<br><br>     vs.<br><br>ERIC HOLDER, Attorney General; JANET NAPOLITANO, Secretary of the Department of Homeland Security; ROBIN BAKER, U.S. ICE Field Office Director for the San Diego Area; F. LAWRENCE, Warden of Immigration – CCA Detention Facility,<br><br>                              Respondents. | CASE NO. 10-CV-2652 JLS (JMA)<br><br>**ORDER: DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. No. 6) |

     Petitioner Saul Nery Lopez-Virula has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1 (Pet.).)  Presently before the Court is Petitioner's motion for appointment of counsel pursuant to 18 U.S.C. § 3006A.  (Doc. No. 6 (Mot.).)  Having considered Petitioner's arguments and the law, the Court **DENIES** Petitioner's motion for appointment of counsel.

     The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, § 3006A(a)(2)(B) provides that counsel may be appointed for an impoverished habeas petitioner "[w]henever . . . the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  In deciding whether to appoint counsel, the court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner

to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner advances three arguments in support of his motion.  The Court addresses each in turn.

First, Petitioner contends that he "would encounter great difficulty in presenting this habeas corpus case alone."  (Mot. 2.)  However, Petitioner's motion and petition belie this argument.  The petition coherently states the grounds on which he objects to Immigration Judge's denial of his bond petition and articulates relevant legal authorities (*see generally* Pet.); and his motion raises colorable arguments for appointment of counsel (*see* Mot.).  Accordingly, this case is clearly not so complex as to render Petitioner unable to articulate his claims.

Second, petitioner contends that Immigrations and Customs Enforcement "has information and documents relevant to Petitioner's habeas petition, and without the assistance of counsel, Petitioner will not be able to effectively pursue discovery."  (*Id.*; Rules Governing § 2254 Cases R. 6(a).)  This argument puts the cart before the horse.  A habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather, a court only may authorize a party to conduct discovery under the Federal Rules of Civil Procedure on a showing of "good cause."  Rules Governing § 2254 Cases R. 6(a); *see also id.* R. 1(b).  Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969) (alteration in original)) (internal quotation marks omitted).  Here, Petitioner has yet to seek leave of the Court to propound discovery, let alone show good cause for such a request.  Accordingly, Petitioner's request for counsel to permit effective discovery is premature.

Third, petitioner contends that the Court should appoint counsel because "[a]n evidentiary hearing will likely be necessary in this case."  (Mot. 2; Rules Governing § 2254 Cases R. 8(c).)  As above, this argument is premature.  The Court has yet to order an evidentiary hearing in this case.

1    Accordingly, the circumstances do not yet justify appointment of counsel.[1]  *See* Rules Governing
2    § 2254 Cases R. 8(c).
3          Further, the Court notes that Petitioner has failed to establish a likelihood of success on the
4    merits, other than to state, in a conclusory fashion, that he has done so.  (Mot. 2 ("In light of . . .
5    Petitioner's likelihood of success on the merits, this court should exercise its discretion to appoint
6    counsel.").
7          For the reasons stated, Petitioner's motion for appointment of counsel is **DENIED WITHOUT**
8    **PREJUDICE**.
9          **IT IS SO ORDERED.**
10
11   DATED:  February 22, 2011
12                                                  _____
                                                    Honorable Janis L. Sammartino
13                                                  United States District Judge
14
15
16
17
18
19
20
21
22
23
24
25
26
27

_____

28   [1] The Court recognizes that circumstances may change so as to justify appointment of counsel. If so, Petitioner may renew his motion at that time.