# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL NERY LOPEZ-VIRULA,<br><br>                    Petitioner,<br><br>    vs.<br><br>ERIC HOLDER, Attorney General; JANET NAPOLITANO, Secretary of the Department of Homeland Security; ROBIN BAKER, U.S. ICE Field Office Director for the San Diego Area; F. LAWRENCE, Warden of Immigration – CCA Detention Facility,<br><br>                    Respondents. | CASE NO. 10-CV-2652 JLS (JMA)<br><br>**ORDER: DIRECTING PETITIONER TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>(ECF No. 1) |

Petitioner Saul Nery Lopez-Virula has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No.1.) Petitioner challenges his detention by U.S. Immigration and Customs Enforcement ("ICE") and requests the Court direct Respondents to release him from custody. The Court ordered Respondents to show cause why the petition should not be granted (ECF No. 5), and subsequently Respondents filed a return to the petition (Return, ECF No. 7).

## BACKGROUND

Petitioner is a Guatemalan citizen who first came to the United States in 1991 with a temporary visitor's visa. (Pet. 5; Return 2.) At some point thereafter, that visa expired and

Petitioner continued to live in the United States illegally until February of 2009, when he was deported to Guatemala. (*Id.*) On February 18, 2010, Petitioner attempted to re-enter the United States and was arrested by a border patrol officer, either at a port of entry near San Diego, California (Pet. 8) or in Arizona (Return 2). Petitioner was charged as an inadmissible alien under Immigration and Nationality Act section 212(a)(7)(A)(i)(I), codified at 8 U.S.C. § 1182, and has remained in ICE custody since that time. (Pet. 2.) As of December 22, 2010, when he filed this petition, he was being held at the CCA Detention Center in San Diego, California. (*Id.*) Petitioner admits that he did not possess the proper documentation to enter the United States, but claims he fled Guatemala because he fears for his life there, and risks torture or death by government officials if he returns. (*Id.* at 8.) Because he asserted asylum claims, he was given a "credible fear interview" and placed in removal proceedings before an immigration judge ("IJ"). (Return 2.)

An IJ denied Petitioner's request to be released from custody on bond on June 9, 2010, and his claim for asylum was denied by IJ Renee Renner on September 1, 2010. (Pet. 2, 5.) Petitioner appealed the negative asylum decision to the Board of Immigration Appeals ("BIA"). On December 22, 2010, Petitioner filed this action, seeking to be released from custody "on conditional parole or on a $1,500.00 bond" and asking that the Court stay his removal during the pendency of his asylum appeal so that he can continue to support his family and "continue fighting his case from the outside." (*Id.* at 4, 6-7.)

A few days later, on December 27, 2010, Petitioner filed an appeal of the BIA's denial of his asylum claim with the Ninth Circuit Court of Appeals, *Lopez-Virula v. Holder*, No. 10-73921, which is still pending. (*Id.* at 5.) The Court's examination of the docket in that case indicates that the Ninth Circuit issued a temporary stay of removal upon Petitioner's filing of that appeal. Docket Entry No.1, *Lopez-Virula v. Holder*, No. 10-73921 (9th Cir. Dec. 27, 2010.) On May 13, 2011, Petitioner filed a motion to withdraw the temporary stay, which was granted on May 31, 2011. *Id.*, Docket Entry Nos. 7, 8. The Ninth Circuit then received notice of Petitioner's change of address on June 8, 2011. *Id.*, Docket Entry No. 10. Petitioner now apparently resides at a street address in Morena Valley, California, although he has not notified this Court of that fact.

//

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of confinement pursuant to 28 U.S.C. § 2241. A petitioner being detained under immigration laws may be entitled to file a Section 2241 habeas corpus petition in certain circumstances to challenge his immigration detention and bond issues, or some other very limited immigration issues that do not involve a challenge to an order of removal or deportation. *See* REAL ID Act of 2005, Pub. L. No. 109-113, 119 Stat. 231 (2005) (eliminating both statutory and non-statutory habeas jurisdiction over final orders of removal, deportation, and exclusion). However, the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal, is the court of appeals. *See* 8 U.S.C. § 1252, *as amended by* REAL ID Act § 106(a); *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005). Thus, the REAL ID Act requires district courts to transfer to the appropriate court of appeals all habeas petitions challenging final orders of removal, deportation, or exclusion. *Id.* However, for claims such as those challenging indefinite detention or some other aspect of the execution of the immigration petitioner's custody, federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006); *see also Ali v. Gonzales*, 421 F.3d 795, 797 n.1 (9th Cir. 2005) (noting that the transfer provisions of the REAL ID Act do not apply where alien does not challenge a final order of removal, deportation, or exclusion) (as amended).

## DISCUSSION

Here, Petitioner does not challenge the denial of his asylum claim or the order of removal. Instead, he seeks release from custody on bond and a stay of the order of removal. Thus, because this is a case that does not challenge a final order of removal, federal habeas corpus jurisdiction remains properly in the district court pursuant to 28 U.S.C. § 2241. *See also Nadarajah*, 443 F.3d at 1076.

However, Petitioner has not provided a statutory or constitutional basis for challenging his confinement. Thus, it is unlikely the Court could afford the relief Petitioner requests. Further, based on the record before it, the Court cannot ascertain definitely if Petitioner is still in ICE

1  custody or has been released. The record in Petitioner's case currently pending before the Ninth
2  Circuit indicates that Petitioner requested, and was granted, a stay of removal, and subsequently
3  moved for withdraw of the stay. His address then changed. At the very least, the Court finds the
4  Ninth Circuit's grant of Petitioner's request for stay of removal renders his request here moot, and
5  that his request for release from custody on bond is also likely moot. Although a writ filed while a
6  petitioner is in custody is not subsequently rendered moot by his release if the petitioner is subject
7  to collateral consequences arising from that illegal custody, *see Carafas v. LaValle*, 391 U.S. 234,
8  237-38 (1968), here there is no indication of such collateral consequences.

## CONCLUSION

Therefore, by January 13, 2012, Petitioner **SHALL FILE** a supplemental declaration describing his current address, the status of his custody, order of removal, and asylum application. The Court **HEREBY ORDERS** the Clerk of Court to mail a copy of this Order to Petitioner's last known address and to Petitioner's updated address as listed on the Ninth Circuit's docket:

| | |
|---|---|
| A 076 587 730 | 25671 Elder Ave |
| CCA-DHS/ICE Detention Center | Morena Valley, CA 92557 |
| PO Box 439049 | |
| San Diego, CA 92143 | |

Subsequent to the supplemental filing, the Court **SHALL ISSUE** its Order deciding Petitioner's § 2241 petition for a writ of habeas corpus.

**IT IS SO ORDERED**.

DATED: December 13, 2011

　　　　　　　　　　　　　　　　　　　*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge